UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RECEIVED
2025 NOV -6 PM 1:57

Constance ("Connie") Kramer,
572 Stratford Avenue
St. Louis, Missouri 63130

Plaintiff,

v. Case No. ______________

Denny Hoskins, in his official capacity
as Secretary of State of Missouri,
Office of the Secretary of State
600 W. Main Street
Jefferson City, Missouri 65101

Defendant.

Notice Statement (Fed. R. Civ. P. 65(a)). Plaintiff proceeds with notice. On November 6, 2025 at 1:00pm CST, Plaintiff provided notice of this motion and all supporting papers to the Office of the Missouri Secretary of State by email to Denny Hoskins, and overnight mail to 600 W. Main St., Jefferson City, MO 65101. Plaintiff is available for hearing at the Court's earliest convenience.

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

A. Plaintiff Constance ("Connie") Kramer, pursuant to Federal Rule of Civil Procedure 65, respectfully moves this Court for entry of a Temporary Restraining Order and Preliminary Injunction compelling Defendant Denny Hoskins, Secretary of State of Missouri, to accept, docket, and adjudicate Plaintiff's Help America Vote Act ("HAVA") Title III administrative

complaint filed October 14, 2025.

B. Legal Standard. Temporary restraining orders and preliminary injunctions are evaluated under the Dataphase factors: likelihood of success, irreparable harm, balance of harms, and public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). See also Planned Parenthood v. Rounds, 530 F.3d 724, 732–33 (8th Cir. 2008) (en banc). The accompanying Memorandum of Law Complaint addresses each factor in detail and shows that all four favor relief.

C. In support of this Motion, Plaintiff states:

1. TIME-SENSITIVE NATURE: Plaintiff filed her HAVA administrative complaint on October 14, 2025, requesting a hearing and final determination within 90 days as required by 52 U.S.C. § 21112(a)(2)(C). The Secretary dismissed the complaint on October 20, 2025. HAVA's 90-day clock is running. Every day of delay moves Plaintiff closer to the August 2026 federal primary election without resolution of systemic database integrity failures that have affected federal elections in 2022 and 2024.

2. IRREPARABLE HARM: Plaintiff will suffer irreparable harm absent immediate relief because:

a. The HAVA § 402 administrative process is time-sensitive by statute (90 days for final determination). Continued denial of this process eliminates Plaintiff's ability to obtain timely remedies before the 2026 federal election cycle.

b. Critical MCVR database evidence from 2022 and 2024 federal elections is ephemeral and at risk of deletion, overwriting, or alteration as the system is updated for 2026. Once lost, this evidence cannot be recreated.

c. Voter registration for the August 2026 federal primary election opens in spring 2026.

Without prompt investigation and remediation, the same database integrity failures will recur.

d. Deprivation of federal statutory rights constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976); Gordon v. Holder, 721 F.3d 638, 653 (D.C. Cir. 2013).

3. LIKELIHOOD OF SUCCESS: Plaintiff is likely to succeed on the merits because:

a. The Secretary's dismissal is based on a factual falsehood - claiming Plaintiff failed to provide the violator's name and address when page 3 of the complaint expressly identifies "Missouri Secretary of State – Elections Division, 600 W. Main Street, Jefferson City, MO 65101."

b. The Secretary's 30-day post-certification bar conflicts with HAVA § 402's authorization of complaints for violations that "are occurring" or "are about to occur." 52 U.S.C. § 21112(a)(2)(B). State rules that stand as obstacles to federal statutory purposes are preempted. Crosby v. National Foreign Trade Council, 530 U.S. 363, 373 (2000).

c. The 30-day bar makes it impossible to file data-grounded complaints because official federal EAC data is not published until months after state certification (here, June 30, 2025, for the November 2024 election).

d. Plaintiff repeatedly pled in her HAVA complaint to Hoskins that the same violations are going to occur in the future. Which is a permitted and valid claim per HAVA. See 15 U.S.C. § 15512(a)(2) states:

*"A person who is aggrieved by a violation of title III [42 U.S.C. 15481 et seq.] which has occurred, is occurring, or is about to occur may bring a civil action in an appropriate district court of the United States..."*

Where the State of Missouri's 30 day limit is moot.

4. BALANCE OF EQUITIES: The balance favors Plaintiff. The requested relief merely compels the Secretary to follow federal law by providing the HAVA § 402 process. No ballot totals are disturbed. The State has no legitimate interest in refusing to provide a federally mandated

administrative process.

5. PUBLIC INTEREST: The public interest strongly favors ensuring state officials comply with federal election-integrity statutes and that voters have meaningful access to HAVA's enforcement mechanisms.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a Temporary Restraining Order, effective immediately upon filing or after such notice as the Court deems appropriate under Fed. R. Civ. P. 65(b),(d)1 ordering Defendant to:

1. Accept and docket Plaintiff's HAVA Title III administrative complaint filed October 14, 2025;

2. Immediately preserve all statewide and county-level MCVR database snapshots, export files, voter history records, audit logs, and audit trails related to the November 2022 and November 2024 federal elections and for the 2026 election cycle;

3. Schedule an on-the-record hearing on Plaintiff's administrative complaint within fourteen (14) days of this Court's order; and

4. Refrain from destroying, deleting, overwriting, or altering any MCVR data, logs, or records related to the 2022, 2024, or 2026 federal elections pending further order of this Court.

5. Preservation Scope. Statewide and for all counties, preserve from January 1, 2019 to present, and prospectively through the § 402 proceeding: (i) full MCVR voter-file snapshots/exports; (ii) transaction/change-history logs (adds, deletes, status changes); (iii) audit logs (user/role events, API/ETL jobs); (iv) deduplication tables and match-keys; (v) county feeder exports and import manifests; and (vi) archival backups containing any of the foregoing.

B. Set this matter for a hearing on Plaintiff's Motion for Preliminary Injunction within fourteen (14) days;

C. After hearing, issue a Preliminary Injunction ordering Defendant to:

1. Accept, docket, and adjudicate Plaintiff's HAVA administrative complaint on the record;

2. Provide an on-the-record hearing as requested by Plaintiff under 52 U.S.C. § 21112(a)(2)(D);

3. Issue a final determination within ninety (90) days of the original filing date (October 14, 2025), or within such time as the parties may agree consistent with 52 U.S.C. § 21112(a)(2)(C);

4. Preserve all relevant MCVR data, snapshots, logs, and audit trails pending completion of the HAVA administrative proceeding; and

D. Duration. Plaintiff requests entry of a TRO for 14 days pursuant to Rule 65(b)(2), unless extended for good cause or converted to a preliminary injunction after hearing.

E. Security. Plaintiff respectfully requests that the Court waive bond or set a nominal bond ($100). This public-interest civil-rights action seeks prospective compliance with federal law and imposes no monetary risk on the State.

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: 11/06/2025

C. Kramer

Constance ("Connie") Kramer
Plaintiff, Pro Se
572 Stratford Avenue
St. Louis, Missouri 63130
(314) 359-5828
Connie.Kramer@pm.me

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2025, I served a true and correct copy of the foregoing Motion for Temporary Restraining Order and Preliminary Injunction, together with the Verified Complaint and supporting Memorandum, upon Defendant by personal service at the following address:

Denny Hoskins
Secretary of State of Missouri
Office of the Secretary of State
600 W. Main Street
Jefferson City, Missouri 65101

C. Kramer

Constance ("Connie") Kramer