IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

CONSTANCE KRAMER,

Plaintiff,

v. Case No. 2:25-cv-04257-MDH

DENNY HOSKINS, in his official capacity as Secretary of State of Missouri,

Defendant.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Constance Kramer respectfully opposes Defendant's Motion for Extension of Time (Doc. 5). While Plaintiff does not question Defendant's need for reasonable preparation time, the requested eleven-day extension fails to demonstrate good cause under Federal Rule of Civil Procedure 6(b)(1) and would substantially prejudice Plaintiff by delaying consideration of her emergency motion during a period when time-sensitive evidence preservation and election-cycle deadlines are at stake.

I. BACKGROUND

On November 6, 2025, Plaintiff filed her Verified Complaint under 42 U.S.C. § 1983, together with an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction. The Complaint challenges Defendant's refusal to process Plaintiff's administrative complaint filed under Section 402 of the Help America Vote Act, 52 U.S.C. § 21112, and seeks

injunctive relief to compel compliance with HAVA's mandatory procedural requirements. Defendant acknowledges that Plaintiff's motions and Complaint were filed on November 6, 2025, and that Defendant was served on November 10, 2025. (Doc. 5 ¶¶ 1-2.). Defendant's Motion for Extension represents that:

1. Defendant's responsive pleading to the Complaint is currently due December 1, 2025 (Doc. 5 ¶ 4);
2. Defendant's response to Plaintiff's TRO and Preliminary Injunction motion is due November 20, 2025 (Doc. 5 ¶ 5); and
3. Defendant seeks an extension of eleven days - until December 1, 2025 - to respond to the TRO and Preliminary Injunction motion (Doc. 5 ¶ 6).

Defendant asserts that he and counsel "immediately began preparing" responses after receiving the documents, that the requested extension "is not for the purpose of delay," and that "Plaintiff will not be prejudiced" by the extension. (Doc. 5 ¶¶ 3, 7, 8.). On the same date, Assistant Attorney General Katherine McCreight entered her appearance for Defendant. (Doc. 4.)

Defendant offers no explanation of any concrete scheduling conflict, resource limitation, or case-specific complexity that would prevent compliance with the current November 20, 2025 response deadline. He instead seeks to align the TRO and Preliminary Injunction response deadline with the Complaint response deadline for his convenience.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" if a request is made before the

original time expires. The moving party bears the burden of demonstrating good cause for the requested extension. A desire for convenience or additional preparation time, standing alone, does not constitute good cause - particularly where an extension would impair another party's ability to obtain time-sensitive injunctive relief.

Where the deadline at issue concerns a motion for temporary restraining order and preliminary injunction, courts must be mindful that TRO relief is emergency relief designed to prevent immediate and irreparable harm. Extending the deadline to respond to a TRO motion in a manner that undercuts the urgency of the matter can effectively deny the movant meaningful access to temporary relief.

## III. THE REQUESTED EXTENSION WOULD SUBSTANTIALLY PREJUDICE PLAINTIFF

Defendant's motion incorrectly asserts that "Plaintiff will not be prejudiced" if the Court grants the extension. (Doc. 5 ¶ 8.) This assertion misapprehends both the nature of TRO relief and the specific circumstances of this case. This is not a routine scheduling request; it directly implicates Plaintiff's ability to obtain timely emergency relief before critical evidence is lost and before upcoming election deadlines render remedial action impractical.

### A. TRO Relief Is Time-Sensitive by Design

Plaintiff's pending motion seeks a temporary restraining order and preliminary injunction requiring Defendant to accept and docket her HAVA Title III complaint, hold an on-the-record hearing under 52 U.S.C. § 21112(a)(2)(D), issue a final determination within ninety days as required by 52 U.S.C. § 21112(a)(2)(C), and preserve key Missouri Centralized Voter Registration records and logs from the 2022 and 2024 federal elections through the 2026 cycle.

These requests are inherently time-sensitive. Every day that passes without preservation orders increases the risk that MCVR audit logs, transaction logs, and database snapshots will be overwritten or lost as new entries are added and routine maintenance cycles run. HAVA Section 402's ninety-day determination requirement is forward-looking; its purpose is to ensure that violations can be remedied before future federal elections. Delaying the commencement of the Section 402 process undermines that statutory design. The 2026 federal election cycle is approaching. If the administrative process does not begin promptly, there will be insufficient time to gather evidence, hold a hearing, and implement remedial measures before the 2026 primary and general elections.

An eleven-day extension of Defendant's response deadline from November 20 to December 1 pushes the briefing on emergency relief into the same period when Defendant's response to the Complaint is due, slowing the case's overall momentum and undercutting the Court's ability to evaluate temporary relief in a timely fashion. In practical terms, the extension could delay a TRO hearing to mid-December or later, by which point much of the emergency justification for TRO-level relief will have been eroded.

B. Plaintiff's Injuries Are Ongoing and Will Worsen with Delay

Plaintiff's Complaint alleges ongoing, systemic violations of HAVA Section 303: the State is operating multiple conflicting "official" election datasets for the same federal elections, producing discrepancies of hundreds of thousands of votes between official sources. Those violations are continuing and will recur in the 2026 election cycle unless remedied.

At the same time, Defendant's refusal to process Plaintiff's HAVA complaint has denied Plaintiff her federal statutory entitlement to a Section 402 hearing and ninety-day determination. Delay in this federal litigation compounds that denial, because the only mechanism Congress provided to enforce Title III at the state level - the Section 402 administrative process - cannot commence until Defendant's unlawful refusal is set aside.

In short, every additional day of delay extends Plaintiff's deprivation of her federal procedural rights and increases the risk that crucial evidence will become unavailable. That is prejudice, and it is significant.

C. Defendant's Assertion of "No Prejudice" Misunderstands TRO Practice

A temporary restraining order is designed to address imminent and irreparable harm. The baseline assumption in TRO practice is that time is of the essence. When the responding party seeks additional time, the court must weigh that request against the movant's need for urgent relief. Here, the need is acute.

If the Court grants the requested eleven-day extension, Plaintiff's motion for a TRO will effectively be converted into an ordinary, slower-moving preliminary injunction process without the benefit of the expedited timeline that TRO practice is designed to provide. Defendant's motion is therefore tantamount to a partial, de facto denial of TRO-level urgency, without any showing of good cause for that result.

## IV. DEFENDANT HAS NOT SHOWN GOOD CAUSE UNDER RULE 6(b)

Defendant's motion rests on a single premise: he would prefer to have his response to the TRO and Preliminary Injunction motion due on the same date as his answer or Rule 12 motion to the Complaint - December 1, 2025. (Doc. 5 ¶¶ 4, 6.)

That preference is not good cause. Defendant does not allege any of the usual grounds that might support an extension - no complex discovery obligations, no voluminous record requiring extraordinary time, no health or family emergency, no previously scheduled trials, hearings, or deadlines that overlap with the current November 20 date. He states only that his team "immediately began preparing Defendant's responsive pleadings" and requests more time. (Doc. 5 ¶ 3.)

Defendant has had adequate opportunity to consider the legal and factual issues at stake. The Missouri Secretary of State's office has been aware of Plaintiff's allegations and supporting data since at least May 2024, when Plaintiff and United Sovereign Americans provided detailed violation reports to the Secretary and other officials. The core HAVA compliance issues presented in this litigation have been known to Defendant for over a year.

Given this context, Defendant's bare desire for additional time to respond to the TRO and Preliminary Injunction motion does not constitute good cause. It reflects a strategic choice to delay engagement on the merits of Plaintiff's request for emergency relief.

## V. ALTERNATIVE RELIEF: LIMITED EXTENSION WITH CONDITIONS

Plaintiff does not object to Defendant having a reasonable opportunity to file a response - he already has such an opportunity under the current deadline. If, however, the Court believes some modification is appropriate, it can tailor relief to protect both parties' interests without granting the full eleven-day extension. Such as granting an extra two business days out from November 20th.

### A. Bifurcate the TRO and Preliminary Injunction Deadlines

One option is to deny any extension as to the TRO portion of Plaintiff's motion while permitting a later deadline for the preliminary injunction briefing.

Under this approach, Defendant's opposition to the TRO would remain due on November 20, 2025. The Court could set a separate, later deadline for additional briefing on the preliminary injunction after the immediate TRO issues are resolved. This maintains the integrity of emergency relief while giving Defendant additional time on the longer-term injunction.

### B. Grant a Very Short Extension with Conditions

If the Court is inclined to grant some extension, Plaintiff respectfully requests that it be limited to no more than two business days (until November 25, 2025), coupled with the following conditions:

First, Defendant's extension should be non-precedential and should not move any scheduled hearing date or overall TRO and Preliminary Injunction timetable.

Second, Defendant must, during the extension period, immediately implement preservation of MCVR data, audit logs, and database snapshots consistent with Plaintiff's TRO request.

Third, the Court should set a firm TRO hearing date and an expedited briefing schedule that cannot be further extended absent extraordinary circumstances.

Such limited relief would accommodate any genuine need for minimal additional time while minimizing prejudice to Plaintiff and protecting the public interest.

## VI. THE PUBLIC INTEREST AND JUDICIAL ECONOMY SUPPORT PROMPT RESOLUTION

Beyond Plaintiff's individual interests, the public has a compelling interest in timely resolution of whether Missouri's HAVA complaint procedures and centralized voter registration system comply with federal law. The case directly involves federal election administration, the integrity and transparency of the State's official voter registration lists, and whether the State has erected procedural barriers that effectively nullify Congress's remedial scheme under HAVA Section 402.

Delaying Defendant's response to the TRO and Preliminary Injunction motion delays the Court's ability to address these questions. It also risks generating additional satellite disputes - over discovery, preservation, and evidentiary access - that could have been mitigated by earlier Court involvement.

Prompt adjudication of the TRO and Preliminary Injunction motion will promote judicial economy by clarifying the parties' obligations and preserving evidence, reducing the likelihood of later disputes over missing records or expired statutory timelines.

## VII. CONCLUSION

Defendant's Motion for Extension of Time fails to demonstrate good cause and, if granted as requested, would substantially prejudice Plaintiff by delaying consideration of her emergency TRO and Preliminary Injunction motion and increasing the risk that her federal statutory rights will be rendered meaningless.

Plaintiff respectfully requests that the Court:

1. DENY Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction; or
2. In the alternative, if any extension is granted, limit it to no more than two business days (until November 25, 2025) and:

   a. Require immediate preservation of the MCVR data, audit logs, and database snapshots identified in Plaintiff's TRO motion;

   b. Set a firm TRO hearing date and expedited briefing schedule; and

c. Make clear that no further extensions will be granted absent extraordinary circumstances.

Respectfully submitted, Date: November 19, 2025

Electronically Signed By: *Constance Kramer*

Constance Kramer, Plaintiff
572 Stratford Avenue St. Louis, Missouri 63130
Telephone: (314) 359-5828 Email: Connie.Kramer@pm.me

---

CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, the foregoing was filed electronically via the Court's CM-ECF system and was served by operation of the CM-ECF system on all counsel of record.

Electronically Signed By: *Constance Kramer* Constance Kramer