**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| CONSTANCE KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-04257-MDH |
| | ) | |
| DENNY HOSKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant Denny Hoskins ("Defendant"), in his official capacity as Secretary of State of Missouri, through counsel, for his Suggestions in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, states as follows:

## I. BACKGROUND

On October 15, 2025, Plaintiff Constance Kramer ("Plaintiff") filed her administrative complaint (notarized, signed and sworn before a notary on October 14, 2025) with the Secretary of States' Elections Division. (Doc. 1-1; Doc. 1-2 at 2). On the Title III of HAVA Elections Complaint Form, Plaintiff stated that her complaint "pertains to the Election held on 11/8/2024, 11/5/2022." (Doc. 1-2 at 1). In her attached "Complaint Under HAVA § 402 (52 U.S.C. § 21112)," Plaintiff described the nature of her complaint: "Single Issue

Title III Complaint: Failure to Maintain a Single, Uniform, Official, Centralized Statewide Voter Registration List (HAVA § 303(a)(1)(A)–(B); 52 U.S.C. § 21083(a)(1)(A)–(B)).” (*Id.* at 3). Plaintiff named “Missouri Secretary of State - Elections Division” at 600 W. Main Street, Jefferson City, MO 65101 as “Respondent.” (*Id.*). Plaintiff alleged that “discrepancies” among various voter-turnout reports violated Plaintiff’s “statutory right to have [her] registration maintained in a single, uniform, official, centralized, statewide list that serves as the official list for conducting federal elections.” (*Id.* at 4-7).

On October 20, 2025, Plaintiff’s administrative complaint was dismissed due to loss of jurisdiction, because she failed to meet the requirements under 15 CSR 30-12.010. (Doc. 1-1). Specifically, Plaintiff failed to file her complaint within 30 days of the certification of the election in which the alleged violation occurred, and she failed to provide the name and address of the person or persons alleged to have committed the violation of Title III of HAVA described in her complaint, as required by 15 CSR 30-12.010(3)-(4). (*Id.*). Plaintiff then filed her Verified Complaint for Declaratory and Injunctive Relief (“Complaint”), Motion for Temporary Restraining Order, and Preliminary Injunction on November 6, 2025. (Doc. 1; Doc. 2).

First, Plaintiff asks the Court to issue a temporary restraining order, ordering Defendant to: (1) “Accept and docket Plaintiffs HAVA Title III administrative complaint filed October 14, 2025;” (2) “Immediately preserve all

statewide and county-level MCVR database snapshots, export files, voter history records, audit logs, and audit trails related to the November 2022 and November 2024 federal elections and for the 2026 election cycle;" (3) "Schedule an on-the-record hearing on Plaintiff's administrative complaint within fourteen (14) days of this Court's order;" and (4) "Refrain from destroying, deleting, overwriting, or altering any MCVR data, logs, or records related to the 2022, 2024, or 2026 federal elections pending further order of this Court." (Doc. 2 at p. 4). Additionally, Plaintiff specifies the "Preservation Scope:" "[s]tatewide and for all counties, preserve from January 1, 2019 to present, and prospectively through the § 402 proceeding: (i) full MCVR voter-file snapshots/exports; (ii) transaction/change-history logs (adds, deletes, status changes); (iii) audit logs (user/role events, API/ETL jobs); (iv) deduplication tables and match-keys; (v) county feeder exports and import manifests; and (vi) archival backups containing any of the foregoing." (*Id.*).

Second, Plaintiff asks the Court to "[s]et this matter for a hearing on Plaintiff's Motion for Preliminary Injunction within fourteen (14) days." (*Id.*). Third, Plaintiff asks the Court to, "[a]fter hearing," issue a preliminary injunction ordering Defendant to: (1) "[a]ccept, docket, and adjudicate Plaintiff's HAVA administrative complaint on the record;" (2) "[p]rovide an on-the-record bearing as requested by Plaintiff under 52 U.S.C. § 21112(a)(2)(D);" (3) "[i]ssue a final determination within ninety (90) days of the original filing

date (October 14, 2025), or within such time as the parties may agree consistent with 52 U.S.C. § 21 I 12(a)(2)(C);" and (4) "[p]reserve all relevant MCVR data, snapshots, logs, and audit trails pending completion of the HAVA administrative proceeding." (*Id.*).

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." *Noodles Dev., LP v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007) (emphasis added). "When deciding a motion for a preliminary injunction, the district court must consider the familiar *Dataphase* factors, which include: '(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest.'" *Miller v. Honkamp Krueger Fin. Servs.*, Nos. 20-3061, 20-3081, 20-3400, 2021 U.S. App. LEXIS 25284, at *4 (8th Cir. Aug. 24, 2021) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

In considering the likelihood of success on the merits, a movant must show that it has at least a "fair chance of prevailing." *Miller*, 2021 U.S. App. LEXIS 25284, at *4 (citing *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013)). However, no single preliminary injunction factor is "determinative,"

and "all of the factors must be considered to determine whether the balance weighs towards granting the injunction." *MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, 970 F.3d 1010, 1019 (8th Cir. 2020) (internal citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008).

## II. ARGUMENT

### A. Plaintiff has not and cannot meet her burden to show likelihood of success on the merits.

In order to succeed on the merits of her Complaint, Plaintiff must first show she has standing to bring forth the action. "If the Court does not have jurisdiction, it does not have the power to rule on the merits and must dismiss the action." *Graeff*, 2023 WL 2424267, at *4 (citing *Arbaugh*, 546 U.S. at 514). Plaintiff has not shown that she has suffered or will suffer a concrete and particularized injury as a result of Defendant's alleged misconduct, and consequently fails to establish the required elements of Article III standing. Therefore, Plaintiff's request for relief must be denied.

Even if Plaintiff has standing to bring such suit against Defendant, which Defendant denies, Plaintiff fails to meet her burden to show likelihood of success on the merits. First, 52 U.S.C. § 21083 does not create a private right of action as alleged by Plaintiff.

Additionally, the requirement under 15 CSR 30-12.010 for complainants to file complaints within 30 days of the certification of the election in which the alleged violation occurred does not conflict with 52 U.S.C. § 21112(a)(2)(B)'s requirement for State-based administrative procedures to remedy grievances that "[u]nder the procedures, any person who believes that there is a violation of any provision of subchapter III (including a violation which has occurred, is occurring, or is about to occur) may file a complaint." The requirements outlined in 52 U.S.C. § 21112(a)(2) do not prevent States from limiting the timeframe for when complaints may be filed. Further, Plaintiff does not sufficiently allege that her procedural due process or First Amendment rights have been denied.

For these reasons, there is no argument that Plaintiff is likely to succeed on the merits on any claim against Defendant.

**B. Plaintiff faces no threat of irreparable harm.**

To demonstrate irreparable harm, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (quoting *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996)).

Plaintiff asks for preservation of various documents and electronically stored information. Fed. R. Civ. P. 37(e) already requires parties to preserve

electronically stored information in the anticipation or conduct of litigation, so Plaintiff faces no threat of irreparable harm.

Additionally, Plaintiff asks the Court to order Defendant to "[a]ccept and docket Plaintiff's HAVA Title III administrative complaint filed October 14, 2025," and to "[s]chedule an on-the-record hearing on Plaintiff's administrative complaint." (Doc. 2 at 4-5). 15 CSR 30-12.010 requires complainants to file complaints within 30 days of the certification of the election in which the alleged violation occurred. Plaintiff's administrative complaint stated that her complaint "pertains to the Election held on 11/8/2024, 11/5/2022." (Doc. 1-2 at 1). Even if Defendant was ordered to revisit Plaintiff's administrative complaint, she would still not meet the jurisdictional requirements under 15 CSR 30-12.010. Therefore, Plaintiff faces no threat of irreparable harm.

For these reasons, Plaintiff has failed to show that she will be irreparably harmed if a temporary restraining order and preliminary injunction are not granted.

**C. A balancing between Plaintiff's alleged harms and the injury that granting the injunction will inflict on other parties weighs in favor of Defendant.**

Plaintiff faces no threat of irreparable harm. In contrast, granting the injunction would require Defendant to revisit Plaintiff's administrative complaint, including scheduling a hearing on her complaint. Revisiting Plaintiff's administrative complaint would require time and resources that

could be used to address other complaints. Plaintiff failed to file her administrative complaint within 30 days of the certification of the election in which the alleged violation occurred, as required under 15 CSR 30-12.010, and Defendant should not be subjected to the burden of revisiting Plaintiff's administrative complaint due to Plaintiff's failure to meet the jurisdictional requirements.

**CONCLUSION**

FOR THE FOREGOING REASONS, Defendant respectfully requests this Court deny Plaintiff's request for a preliminary injunction and temporary restraining order, and order any such further relief the Court deems just and appropriate.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Attorney General

*/s/ Katherine McCreight*
Katherine McCreight, #76909
Assistant Attorney General
615 E. 13th Street, Suite 401
Kansas City, MO 64106
(816) 889-2255
Katherine.McCreight@ago.mo.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, a copy of the foregoing document was electronically filed with the Court via its ECF system and thus sent to all counsel of record.

*/s/ Katherine McCreight*
Assistant Attorney General