**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| CONSTANCE KRAMER,<br><br>Plaintiff,<br><br>v.<br><br>DENNY HOSKINS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-cv-04257-MDH |

**DEFENDANT MISSOURI DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Denny Hoskins ("Defendant"), in his official capacity as Secretary of State of Missouri, through counsel, moves under Rule 12(b)(1) to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction, because Plaintiff has not shown that she has suffered or will suffer a concrete and particularized injury as a result of Defendant's alleged misconduct, and consequently fails to establish the required elements of Article III standing. Additionally, Defendant moves under Rule 12(b)(6) to dismiss Plaintiff's Complaint for failure to state a claim.

## BACKGROUND

On October 15, 2025, Plaintiff Constance Kramer ("Plaintiff") filed her administrative complaint (notarized, signed and sworn before a notary on October 14, 2025) with the Secretary of States' Elections Division. (Doc. 1-1;

Doc. 1-2 at 2). On the Title III of HAVA Elections Complaint Form, Plaintiff stated that her complaint "pertains to the Election held on 11/8/2024, 11/5/2022." (Doc. 1-2 at 1). In her attached "Complaint Under HAVA § 402 (52 U.S.C. § 21112)," Plaintiff described the nature of her complaint: "Single Issue Title III Complaint: Failure to Maintain a Single, Uniform, Official, Centralized Statewide Voter Registration List (HAVA § 303(a)(1)(A)–(B); 52 U.S.C. § 21083(a)(1)(A)–(B))." (*Id.* at 3). Plaintiff named "Missouri Secretary of State - Elections Division" at 600 W. Main Street, Jefferson City, MO 65101 as "Respondent." (*Id.*).

On October 20, 2025, Plaintiff's administrative complaint was dismissed due to loss of jurisdiction, because she failed to meet the requirements under 15 CSR 30-12.010. (Doc. 1-1). Specifically, Plaintiff failed to file her complaint within 30 days of the certification of the election in which the alleged violation occurred, and she failed to provide the name and address of the person or persons alleged to have committed the violation of Title III of HAVA described in her complaint, as required by 15 CSR 30-12.010(3)-(4). (*Id.*).

Plaintiff then filed her Verified Complaint for Declaratory and Injunctive Relief ("Complaint") on November 6, 2025. (Doc. 1). On the same day, Plaintiff filed her Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2). In her Complaint, Plaintiff alleges "irreconcilable discrepancies among voter turnout numbers" based on "official state and federal reports."

(Doc. 1 at ¶ 14). Plaintiff specifically points to "three authoritative sources" that "report three different totals for voter turnout" in the November 2022 and November 2024 federal general elections: (1) the U.S. Election Assistance Commission ("EAC") Election Administration and Voting Survey ("EAVS"); (2) the "Missouri Secretary of State's official certified webpage;" and (3) the Missouri Centralized Voter Registration ("MCVR") system. (*Id.* at ¶¶ 15-18).

Plaintiff alleges that "[t]hese systemic discrepancies violate HAVA § 303's requirement that Missouri maintain 'a single, uniform, official, centralized, interactive computerized statewide voter registration list' that serves as 'the official voter registration list for the conduct of all elections for Federal office in the State.'" (*Id.* at ¶ 19). Further, Plaintiff alleges that the "ongoing database integrity failures directly affect Plaintiff by preventing her from verifying that her vote counted, undermining her confidence in the integrity of Missouri's election system, and threatening the same problems in the upcoming federal elections in 2026." (*Id.* at ¶ 20). Plaintiff alleges that she needs to access the administrative complaint process, because "[u]nless corrected, the same § 303 violation that affected Plaintiff's ability to verify her 2022 and 2024 votes will recur in the August 2026 primary and November 2026 general election, when Plaintiff intends to vote." (*Id.* At ¶ 21).

Based on these allegations, Plaintiff brings the following counts against Defendant: "42 U.S.C. § 1983 – Violation of HAVA Title III Rights (Supremacy

Clause / Ex parte Young)" (Count I); "42 U.S.C. § 1983 – Procedural Due Process" (Count II); and "42 U.S.C. § 1983 – First Amendment Right to Petition" (Count III). (*Id.* at 13-23). Plaintiff requests several forms of relief from the Court. (*See* Doc 1 at 23-24).

## LEGAL STANDARD

### A. Subject-Matter Jurisdiction

A claim must be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Federal Courts are courts of limited jurisdiction." *Graeff v. United States Election Assistance Comm'n*, 4:22-CV-682 RLW, 2023 WL 2424267, at *4 (E.D. Mo. Mar. 9, 2023). "'The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.'" *Graeff*, 2023 WL 2424267, at *4 (quoting *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003)). "If the Court does not have jurisdiction, it does not have the power to rule on the merits and must dismiss the action." *Graeff*, 2023 WL 2424267, at *4 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "Accordingly, Court has an obligation to determine whether subject-matter jurisdiction exists before turning the merits of a case . . . ." *Graeff*, 2023 WL 2424267, at *4 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)).

### B. Failure to State a Claim

A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court resolves a motion to dismiss by considering the complaint's allegations, as well as "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[.]" *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Reviewing a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## ARGUMENT

### A. Plaintiff's Complaint should be dismissed for lack of subject-matter jurisdiction, because she fails to establish the required elements of Article III standing.

"Article III of the U.S. Constitution 'limits the category of litigants empowered to maintain a lawsuit in federal court" to those with "actual cases or controversies.'" *Graeff*, 2023 WL 2424267, at *4 (quoting *Spokeo, Inc. v.*

*Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016)). "Standing is jurisdictional and a threshold issue in every federal case." *Graeff*, 2023 WL 2424267, at *4 (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Disability Support All. v. Heartwood Enterprises, LLC*, 885 F.3d 543, 547 (8th Cir. 2018)).

"Plaintiff, as the party invoking federal jurisdiction, bears the burden of demonstrating the following: (1) that she suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendants, and (3) that is likely to be redressed by a favorable judicial decision." *Graeff*, 2023 WL 2424267, at *4 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833–34 (8th Cir. 2009)). "When a case is at the pleading stage, the plaintiff must 'clearly allege facts demonstrating' each element of standing." *Graeff*, 2023 WL 2424267, at *4 (citing *Spokeo, Inc.*, 578 U.S. at 338). "To establish injury in fact, Plaintiff must show that she 'suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."'" *Graeff*, 2023 WL 2424267, at *4 (citing *Spokeo, Inc.*, 578 U.S. at 339).

**1. Plaintiff's alleged injury is not particularized.**

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Graeff*, 2023 WL 2424267, at *5 (citing *Spokeo, Inc.*, 578 U.S. at 339). "When the alleged injury is undifferentiated and

common to all members of the public, courts routinely dismiss such cases as 'generalized grievances' that cannot support Article III standing." *Graeff*, 2023 WL 2424267, at *5 (quoting *United States v. Richardson*, 418 U.S. 166, 173-75 (1974)).

"'[V]oters can challenge a state election procedure in federal court only in limited circumstances, such as when the complained of conduct discriminates against a discrete group of voters.'" *Graeff*, 2023 WL 2424267, at *5 (quoting *Nolles v. State Comm. For Reorganization of Sch. Districts*, 524 F.3d 892, 898 (8th Cir. 2008)). "An alleged violation of an election law alone is not enough." *Graeff*, 2023 WL 2424267, at *6. "In general, plaintiffs alleging election law violations lack standing to sue unless they can show they suffered or will suffer an injury that impacts them more than the general public." *Graeff*, 2023 WL 2424267, at *5. "In short, a claim involving a voting injury 'requires a point of comparison.'" *Graeff*, 2023 WL 2424267, at *5 (quoting *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020)).

Plaintiff has not shown that her alleged injuries affect her in a personal and individual way. Each of Plaintiff's alleged injuries seem to relate to her participation in federal elections as a registered Missouri voter, who voted in the November 2022 and November 2024 federal general elections and intends to vote in the August 2026 federal primary election and November 2026 federal general election. (*See, e.g.,* Doc. 1 at ¶¶ 11, 12, 17, 20, 36).

Plaintiff's alleged injuries are undifferentiated from any Missouri voter, anyone who voted in the November 2022 or November 2024 federal general elections, and anyone who intends to vote in the August 2026 federal primary election or the November 2026 federal general election. At various points in her Complaint, Plaintiff's allegations clearly apply to any voter. For example, in her explanation of the "[i]ntended beneficiary" of 52 U.S.C. § 21083, Plaintiff states: "Section 303 is *intended to benefit individual registered voters such as Plaintiff* by ensuring that a single, accurate, official statewide list properly records their voter registration and votes. The statute's purpose is to protect individual voters' rights to have their votes accurately recorded and counted." (Doc. 1 at ¶ 45(a)) (emphasis added). Plaintiff later alleges that "denying injunctive relief would allow the State to nullify a federal statutory right through conflicting state procedural rules and factual misrepresentations," which "*harms not only Plaintiff but all Missouri voters* who might seek to invoke HAVA's administrative process to remedy Title III violations." (*Id.* at ¶ 73) (emphasis added).

Because Plaintiff's alleged injuries could apply to any voter, Plaintiff has not shown that she has suffered or will suffer an injury that impacts her more than the general public. Therefore, Plaintiff has not established a particularized injury that meets the Article III standing requirements.

**2. Plaintiff's alleged injury is not sufficiently concrete.**

"Setting aside the question of whether there is an enforcement mechanism for a private right of action under HAVA, a violation of a statute alone is not enough to confer standing." *Graeff*, 2023 WL 2424267, at *7. "[A]n alleged violation of a statute does not confer standing in and of itself, but rather federal courts are to examine whether the plaintiff seeking relief under a statute has suffered concrete injury." *Graeff*, 2023 WL 2424267, at *7 (citing *Spokeo, Inc.*, 578 U.S. at 341). "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Graeff*, 2023 WL 2424267, at *7 (quoting *Spokeo, Inc.*, 578 U.S. at 341).

"[A] 'concrete' injury must be 'de facto,' that it is, 'it must actually exist.'" *Graeff*, 2023 WL 2424267, at *7 (quoting *Spokeo, Inc.*, 578 U.S. at 340). "Certain tangible harms readily qualify as concrete injuries, such as physical injury and monetary damages." *Graeff*, 2023 WL 2424267, at *7. "An injury need not be 'tangible' to be concrete, however, certain 'intangible injuries can nevertheless be concrete,' particularly if the intangible injury has been

recognized historically as providing the basis for recovery, even if the harm may be difficult to prove or measure." *Graeff*, 2023 WL 2424267, at *7 (quoting *Spokeo, Inc.*, 578 U.S. at 340).

Plaintiff alleges that the "systemic discrepancies" among various voter-turnout reports "violate HAVA § 303's requirement that Missouri maintain 'a single, uniform, official, centralized, interactive computerized statewide voter registration list' that serves as 'the official voter registration list for the conduct of all elections for Federal office in the State.'" (*See, e.g.,* Doc. 1 at ¶ 19). However, the alleged violation of a statute is not enough to establish a concrete injury. Outside of alleged statutory violations, Plaintiff's alleged injuries are vague. For example, Plaintiff alleges that the "ongoing database integrity failures directly affect Plaintiff by preventing her from verifying that her vote counted, undermining her confidence in the integrity of Missouri's election system, and threatening the same problems in the upcoming federal elections in 2026." (*See, e.g.,* Doc. 1 at ¶ 20). Further, Plaintiff has not alleged that any of her alleged intangible injuries have been recognized historically as providing the basis for recovery. Plaintiff has not established a concrete injury that meets the Article III standing requirements.

"If the Court does not have jurisdiction, it does not have the power to rule on the merits and must dismiss the action." *Graeff*, 2023 WL 2424267, at *4 (citing *Arbaugh*, 546 U.S. at 514). Plaintiff has not shown that she has suffered

or will suffer a concrete and particularized injury as a result of Defendant's alleged misconduct, and consequently fails to establish the required elements of Article III standing. Therefore, Plaintiff's Complaint should be dismissed for lack of subject-matter jurisdiction.

### B. Plaintiff's Complaint should be dismissed for failure to state a claim.

If the Court finds that Plaintiff meets the requirements for Article III standing, her Complaint should still be dismissed for failure to state a claim.

#### 1. 52 U.S.C. § 21083 does not create a private right of action.

The determination of whether a statute creates a private right of action requires determining "whether or not a statute 'confer[s] rights on a particular class of persons." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (citing *California v. Sierra Club,* 451 U.S. 287, 294 (1981)). In other words, determining whether a statute creates a private right of action "requires[s] a determination as to whether or not Congress intended to confer individual rights upon a class of beneficiaries." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

Plaintiff claims that "HAVA § 303"—which "requires Missouri to maintain 'a single, uniform, official, centralized, interactive computerized statewide voter registration list' that serves as 'the official voter registration list for the conduct of all elections for Federal office in the State,'"—"creates

individual federal rights enforceable under 42 U.S.C. § 1983." (Doc. 1 at ¶¶ 43-44).

In support, Plaintiff cites *Colon-Marrero v. Conty-Perez*, 813 F.3d 1, 14-22 (1st Cir. 2016), and specifically points to the Court's "holding that HAVA's § 303 requirement of a centralized statewide voter registration list creates individual rights enforceable under § 1983." (Doc. 1 at ¶ 43). However, *Colon-Marrero* discusses whether 52 U.S.C. § 21083(a)(4) creates a private right of action. *Colon-Marrero v. Conty-Perez*, 813 F.3d 1, 17 (1st Cir. 2016) ("the question before us is whether the specific provision on which plaintiffs rely—HAVA section 303(a)(4)(A)—creates a private right"). 52 U.S.C. § 21083(a)(4) describes when voters can be removed from voter registration lists. Additionally, Plaintiff cites *Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 573 (6th Cir. 2004), and specifically points to the Court "recognizing implied right of action under HAVA Title III." (Doc. 1 at ¶ 43). However, *Blackwell* discusses whether 52 U.S.C. § 21082 creates a private right of action. *Blackwell*, 387 F.3d at 573 (holding that "HAVA creates a federal right enforceable against state officials under 42 U.S.C. § 1983[,] [w]ith respect to the right to cast a provisional ballot under the circumstances described in HAVA §302(a)").

Both *Colon-Marrero* and *Blakwell* focus on parts of HAVA that explicitly mention and therefore confer rights to specific individuals. In contrast, 52

U.S.C. § 21083(a)(1)(A)(i), (B) outlines requirements for the administrative complaint procedures States must establish. Therefore, 52 U.S.C. § 21083 does not create a private right of action.

**2. 52 U.S.C. § 21112 does not prevent States from limiting the timeframe for when complaints may be filed.**

Plaintiff alleges that the requirement under 15 CSR 30-12.010 for complainants to file complaints within 30 days of the certification of the election in which the alleged violation occurred conflicts with 52 U.S.C. § 21112(a)(2)(B)'s requirement for State-based administrative procedures to remedy grievances that "[u]nder the procedures, any person who believes that there is a violation of any provision of subchapter III (including a violation which has occurred, is occurring, or is about to occur) may file a complaint." (Doc. 1 at ¶ 60(c)). The requirements outlined in 52 U.S.C. § 21112(a)(2) do not prevent States from limiting the timeframe for when complaints may be filed.

**3. Plaintiff's procedural due process rights were not violated.**

Plaintiff alleges that "[t]o the extent HAVA § 402's administrative complaint procedure creates a federally protected entitlement separate from and in addition to the underlying § 303 substantive rights, Defendant deprived Plaintiff of that procedural entitlement without due process of law in violation of the Fourteenth Amendment." (Doc. 1 at ¶ 57). Plaintiff alleges that by dismissing her administrative complaint, Defendant deprived her of access to

the administrative complaint process outlined under 52 U.S.C. § 21112(a), and that the dismissal of her administrative complaint was "arbitrary, irrational, and based on demonstrably false factual assertions." (*Id.* at ¶ 59).

Plaintiff's administrative complaint was dismissed due to loss of jurisdiction due to her failure to file her administrative complaint within 30 days of the certification of the election in which the alleged violation occurred, as required under 15 CSR 30-12.010. Dismissal of Plaintiff's administrative complaint because of her failure to meet the filing deadline does not constitute a violation of her due process rights.

**4. Plaintiff's First Amendment rights were not violated.**

Plaintiff alleges her First Amendment rights were violated. However, Plaintiff was able to file her administrative complaint—it was simply dismissed for lack of jurisdiction due to her failure to comply with the required filing deadline. Therefore, her First Amendment rights were not violated.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendant prays for an order of this Court dismissing Plaintiff's Complaint, and for all other relief the Court may deem just and appropriate.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Attorney General

*/s/ Katherine McCreight*
Katherine McCreight, #76909
Assistant Attorney General
615 E. 13th Street, Suite 401
Kansas City, MO 64106
(816) 889-2255
Katherine.McCreight@ago.mo.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, a copy of the foregoing document was electronically filed with the Court via its ECF system and thus sent to all counsel of record.

*/s/ Katherine McCreight*
Assistant Attorney General