**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

**CONSTANCE KRAMER,**

Plaintiff,

v. **Case No. 2:25-cv-04257-MDH**

**DENNY HOSKINS**, in his official capacity as Secretary of State of Missouri,

Defendant.

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

1. Plaintiff Constance Kramer respectfully submits this Supplemental Memorandum in response to the Court's inquiries at the February 4, 2026, hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. This memorandum incorporates controlling Eighth Circuit authority clarifying when state administrative procedures violate federal procedural due process by extinguishing a federally created adjudicatory entitlement.

2. This lawsuit is not about election outcomes, candidates, or whether Plaintiff's individual ballot was counted. It concerns Plaintiff's federal statutory right under HAVA Section 402, codified at 52 U.S.C. section 21112, to file an administrative complaint alleging violations of Title III, to request and receive a hearing on the record, and to obtain a written determination within ninety days. Missouri established an administrative process to comply with this federal mandate. The Secretary then used that process to terminate Plaintiff's entitlement at intake, based on a factually false ground and a state deadline that conflicts with federal law, without ever

reaching the merits. That completed deprivation is the injury before this Court. Plaintiff does not claim her ballot was miscounted; her injury is that she is legally barred from ever finding out through the only process Congress authorized.

**I. FACTUALLY INCORRECT GROUNDS AND A CONTRADICTORY RULE**

3. Plaintiff filed a sworn and notarized HAVA Section 402 complaint on October 14, 2025. The complaint expressly identified the respondent as "Missouri Secretary of State – Elections Division, 600 W. Main Street, Jefferson City, Missouri 65101." The Secretary nevertheless dismissed the complaint at intake on October 20, 2025, asserting that Plaintiff failed to identify the alleged violator.

4. That assertion is factually false on the face of the complaint. The dismissal therefore rested, in part, on an incorrect factual premise beyond Plaintiff's control.

5. The dismissal also relied on a state regulation requiring HAVA complaints to be filed within thirty days of election certification. See 15 CSR 30-12.010(3). As applied, that rule collapses Congress's express authorization of complaints for violations that have occurred, are occurring, or are about to occur into a single retrospective category pegged to a past certification date.

**II. MISSOURI'S RULE CONFLICTS WITH FEDERAL HAVA SECTION 402**

6. Congress required each state to establish and maintain a complaint procedure that allows any person to file a complaint alleging a violation of Title III that has occurred, is occurring, or is about to occur, and that provides a hearing on the record upon request. 52 U.S.C. section 21112(a)(1), (a)(2)(B), and (a)(2)(E). Congress further required a written determination within ninety days. Id. section 21112(a)(3).

7. Missouri has accepted and continues to accept substantial federal HAVA funds conditioned on establishing and maintaining this complaint procedure. Since 2018, Missouri has received millions of dollars in HAVA Election Security grants, including $27.4 million audited through 2022 alone. See *Audit of the Help America Vote Act Grants Awarded to the State of Missouri, EAC Office of Inspector General Report* No. G22MO0023-23-08 (Aug. 2024). Missouri's acceptance of these federal funds triggers the mandatory obligation under 52 U.S.C. § 21112(a)(1): "Each State shall establish and maintain State-based administrative complaint procedures." The statute makes clear this is not optional - it is a condition of receiving federal election assistance. Missouri cannot accept millions in federal HAVA funds with one hand while using the other hand to deny Missouri citizens the federally-mandated administrative process those funds are conditioned upon providing. Missouri's denial of Plaintiff's complaint is particularly problematic given Missouri's continued acceptance of these federal HAVA funds conditioned on providing this very process.

8. Under the Eighth Circuit's two-part test in *Craft v. Wipf*, a statute creates a protected property interest where it contains particularized substantive standards and uses mandatory language limiting official discretion. 836 F.2d 412, 417 (8th Cir. 1987). HAVA Section 402 satisfies both prongs. Its standards are specific and its language is mandatory. The statute therefore creates an individual entitlement to the administrative complaint process itself. Having voluntarily accepted federal HAVA funds subject to these procedural conditions, Missouri cannot invoke state procedural rules to nullify those federal requirements.

9. Missouri's thirty-day post certification deadline conflicts with that entitlement by making it impossible to file timely complaints about violations that are ongoing or about to occur but

discovered after certification. As applied here, the state rule extinguished the federally created entitlement at intake.

**III. THESE TEXTUAL CONFLICTS SUPPORT TEMPORARY INJUNCTIVE RELIEF**

10. Congress did not authorize states to redefine the scope of HAVA Section 402 through restrictive procedural rules. Nor did Congress permit states to terminate the complaint process without providing the hearing it mandated.

11. The Eighth Circuit has repeatedly applied *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), to cases where established state procedures destroy statutory entitlements. See *Clark v. Kansas City Missouri Sch. Dist.,* 375 F.3d 698, 703 (8th Cir. 2004); *Putman v. Unknown Smith,* 73 F.3d 136, 138 (8th Cir. 1996). Under this framework, when an "established state procedure" causes the deprivation - as opposed to random employee error - courts must analyze "the process afforded by the established procedure" itself, and "an adequate post deprivation remedy is of no consequence." *Clark,* 375 F.3d at 703. Missouri's dismissal of Plaintiff's HAVA complaint pursuant to 15 CSR 30-12.010(3) is a textbook application of *Logan*: the state regulation itself destroyed the federally-created adjudicatory entitlement by operation of law, without providing the hearing Congress mandated. This states a procedural due process violation.

12. Missouri's dismissal resulted from an established state procedure, not random or unauthorized conduct. In *Clark v. Kansas City Missouri School District,* the Eighth Circuit explained that when a state employee's random acts cause a deprivation, post deprivation remedies may suffice, but when an established state procedure or a foreseeable consequence of such a procedure causes the loss, post deprivation remedies are of no consequence and courts

must examine the adequacy of the procedure itself. 375 F.3d 698, 703 (8th Cir. 2004), citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435 to 436 (1982).

13. Here, the deprivation occurred by operation of Missouri's published regulation, 15 CSR 30-12.010(3), which was applied exactly as written. This is the paradigmatic *Logan* scenario in which the state system itself destroys the complainant's property interest by operation of law. *Logan,* 455 U.S. at 436. Federal constitutional minimums therefore control. Minimum procedural requirements are a matter of federal law and are not diminished by the fact that a state may have specified its own procedures that it deems adequate. *Vitek v. Jones,* 445 U.S. 480, 491 (1980); *Demming v. Housing and Redevelopment Authority of Duluth,* 66 F.3d 950, 953 (8th Cir. 1995). Property cannot be defined by the procedures provided for its deprivation. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 541 (1985).

14. The Eighth Circuit further requires that a hearing must be provided before final deprivation of a protected property interest. *Heinen v. Brewer,* 171 F.3d 612, 613 (8th Cir. 1999). Yet the Secretary's dismissal letter terminated the administrative process entirely at intake. Plaintiff was given no hearing, no opportunity to respond to the Secretary's factual assertions, and no determination on the merits. This procedural failure, combined with the dismissal's reliance on both a factually incorrect ground and a deadline that conflicts with federal statutory coverage, establishes a procedural due process violation warranting narrow, process based injunctive relief. Absent interim relief, Plaintiff will suffer irreparable harm through permanent loss of her statutory process; the balance of harms favors preserving the status quo; and the public interest favors compliance with federal law.

15. The harm is ongoing because Missouri continues to accept federal HAVA funds while refusing to provide the federally-required complaint mechanism.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court grant temporary injunctive relief compelling the Secretary to accept Plaintiff's HAVA Section 402 complaint, to preserve relevant records, and to provide the hearing and determination Congress required, pending resolution of this action.

Respectfully submitted, Dated: February 6, 2026

Constance Kramer
Plaintiff, Pro Se

*Electronically Signed By:*
*/s/ Constance Kramer*
Constance Kramer
*Plaintiff, Pro Se*
572 Stratford Avenue
St. Louis, Missouri 63130
(314) 359-5828
Connie.Kramer@pm.me