**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| CONSTANCE KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-04257-MDH |
| | ) | |
| DENNY HOSKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant Denny Hoskins ("Defendant"), in his official capacity as Secretary of State of Missouri, through counsel, offers the following suggestions in opposition to Plaintiff's Motion for Leave to File First Amended Verified Complaint:

## I. LEGAL STANDARD

"Although leave to amend shall be given freely when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), a district court properly denies leave when a proposed amendment would be futile." *Lansing v. Wells Fargo Bank, N.A.*, 894 F.3d 967, 973-74 (8th Cir. 2018) (citing *Sorace v. United States*, 788 F.3d 758, 768 (8th Cir. 2018)). A court can deny leave to amend on the basis of futility when the amended complaint could be dismissed for lack of subject-matter jurisdiction. *See In re Senior Cottages of Am.*, LLC, 482 F.3d 997, 1001 (8th Cir. 2007) (citing Fed. R. Civ. P. 12) (explaining that "when a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion." A Court can also deny leave to amend on the basis of futility when

it "has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.,* 519 F.3d 778, 782 (8th Cir. 2008)).

## II. ARGUMENT

Amendment of Plaintiff's Complaint would be futile, because Plaintiff's First Amended Complaint does not cure the deficiencies of her initial Complaint. (*See* Doc. 25.) Specifically, Plaintiff's First Amended Complaint could be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### A. Plaintiff does not have Article III standing.

To the extent that Plaintiff's alleged injury relates to being denied a hearing, Plaintiff does not have standing. Plaintiff argues she has standing because "[n]ot every Missouri voter filed a Section 402 complaint," and "[n]ot every Missouri voter received a denial letter," but "Plaintiff did." (*See* Doc. 25 at ¶ 11.) However, Plaintiff did not receive a hearing, because her HAVA Complaint was dismissed because of her failure to comply with the procedural requirements provided by Section 115.219, RSMo and 15 CSR 30-12.010. These procedural requirements apply to anyone filing a HAVA Complaint. Consequently, Plaintiff's alleged injury is not particularized, in that it does not "affect the plaintiff in a personal and individual way." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (citations omitted).

## B. Plaintiff fails to sufficiently allege that any of her rights were violated as a result of not receiving a hearing on her HAVA Complaint.

Plaintiff did not receive a hearing on her HAVA Complaint, because her HAVA Complaint was dismissed because of her failure to comply with the procedural requirements provided by Section 115.219, RSMo and 15 CSR 30-12.010. Plaintiff raises concerns that she was "given no opportunity to cure" the deficiencies in her HAVA Complaint "before the process was terminated." (*See* Doc. 25 at ¶¶ 40, 41, 51.) But Plaintiff does not allege any reason that she would be prevented from submitting a new HAVA Complaint that meets the requirements provided by Section 115.219, RSMo and 15 CSR 30-12.010.[1] Additionally, Plaintiff continues to argue that "Missouri's 30-day post-certification deadline extinguishes complaints for violations evidenced by later-created official state data." (*See* Doc. 25 at ¶ 51(b).) Plaintiff further argues:

> The deadline categorically bars complaints alleging ongoing or prospective Title III violations evidenced by official data not available within thirty days of certification. The EAC published Missouri's 2024 EAVS data on June 30, 2025, seven months after Missouri's December 2024 certification. Missouri counties have up to three months to transmit voter history data under RSMo 115.157(2). No voter could file a data-supported complaint within thirty days because the official data did not exist.

(*Id.* at ¶ 59; *See also Id.* at ¶¶ 34, 36.) But Plaintiff fails to sufficiently allege that access to any such data is required to submit a HAVA Complaint. Further, Plaintiff fails to sufficiently allege how voter history data could be relevant to a Title III

[1] Defendant notes that Plaintiff's concerns with the MCVR System relate to voter history, which is not required to be included in the State's voter registration database to comply with HAVA § 303(a)(1). As such, Plaintiff's concerns do not constitute a Title III violation, and consequently would not be appropriately raised through the HAVA grievance process. (*See generally* Doc. 23 at 2-5.)

violation—Plaintiff does not cite to any provision of Title III that requires the State to include voter history data in its voter registration database to comply with the minimum requirements of HAVA § 303(a)(1).

## III. CONCLUSION

FOR THE FOREGOING REASONS, Defendant prays for an order of this Court denying Plaintiff's Motion for Leave to File First Amended Verified Complaint, and for all other relief the Court may deem just and appropriate.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Attorney General

*/s/ Katherine McCreight*
Katherine McCreight, #76909
Assistant Attorney General
615 E. 13th Street, Suite 401
Kansas City, MO 64106
(816) 889-2255
Katherine.McCreight@ago.mo.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, a copy of the foregoing document was electronically filed with the Court via its ECF system and thus sent to Plaintiff.

*/s/ Katherine McCreight*
Assistant Attorney General