**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

CONSTANCE KRAMER,

Plaintiff,

v. **Case No. 2:25-cv-04257-MDH**

DENNY HOSKINS, in his official capacity as Secretary of State of Missouri,

Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED COMPLAINT**

Plaintiff replies to Defendant's Suggestions in Opposition (Doc. 28) and respectfully requests that the Court grant leave to file the First Amended Verified Complaint ("FAC").

1. Rule 15(a)(2) sets a liberal standard, and the burden is on the party opposing amendment to show why leave should be denied. Defendant's filing does not meet that burden. Defendant relies solely on a "futility" preview and does not establish undue delay, bad faith, repeated failure to cure, or undue prejudice.
2. Defendant begins by quoting the general rule that "leave to amend shall be given freely when justice so requires," then pivots to the claim that "a district court properly denies leave when a proposed amendment would be futile." Doc. 28 at 1. But Defendant still must show futility in the narrow, Rule 15 sense: that the proposed FAC clearly could not survive Rule 12.
3. Defendant does not do that. Instead, Doc. 28 is largely a merits argument dressed as "futility," built on (i) an incorrect standing frame, (ii) a "just refile" theory that does not

eliminate the already-completed denial of process alleged, and (iii) a strawman about "voter history" that mischaracterizes what the First Amended Complaint (FAC) pleads.

**I. Defendant's standing argument uses the wrong test and fails to show futility.**

4. Defendant asserts: "To the extent that Plaintiff's alleged injury relates to being denied a hearing, Plaintiff does not have standing." Doc. 28 at 2. Defendant then argues Plaintiff's injury is not "particularized" because the procedural requirements "apply to anyone filing a HAVA Complaint." Doc. 28 at 2.
5. That is not the law. "Particularized" does not mean "unique to only one person." It means the injury affected the plaintiff in a personal way. Here, Plaintiff alleges that she personally filed a HAVA complaint, personally invoked the adjudicatory process, requested a HAVA hearing and personally received a dismissal terminating that process – before it began - as to her. Defendant's "applies to anyone" point does not negate particularization; it only shows the rule is generally applicable.
6. At the leave-to-amend stage, Defendant must show the FAC's standing allegations are clearly insufficient as a matter of law. Doc. 28 does not carry that burden. It offers a conclusion ("not particularized") but does not explain why an individualized denial letter and termination of a statutory complaint track is not a concrete, personal injury when alleged by the person who invoked the process.

**II. Defendant's "just refile" theory does not defeat the FAC and does not establish futility.**

7. Defendant next argues Plaintiff "does not allege any reason that she would be prevented from submitting a new HAVA Complaint" that meets Missouri's procedural requirements. Doc. 28 at 3.

8. That does not establish futility. Even if Defendant later disputes the merits, "you could try again" does not erase the completed injury Plaintiff pleads: the denial and termination of the complaint process she already invoked, without the hearing/determination she requested. A defendant cannot defeat standing (or due-process type allegations) merely by asserting the plaintiff could attempt a second time.
9. More importantly for Rule 15: Defendant's "refile" argument is a disputed merits position about how Missouri's system operates in practice and whether the state-law timing/requirements are consistent with the federally required complaint procedure as applied to Plaintiff's alleged Title III compliance dispute. That is not the type of "clear legal bar" that warrants denying leave to amend as futile.

**III. Defendant's "voter history" argument is a merits strawman and still does not show futility.**

10. Defendant states: "Plaintiff's concerns with the MCVR System relate to voter history," and then claims voter history "is not required to be included" to comply with HAVA § 303(a)(1), so Plaintiff's concerns "do not constitute a Title III violation." Doc. 28 at 3 n.1. Defendant repeats that Plaintiff "does not cite to any provision of Title III that requires the State to include voter history data" to comply with § 303(a)(1). Doc. 28 at 4.
11. That is not what the motion for leave turns on. Plaintiff's FAC is not required, at the Rule 15 stage, to win Defendant's ultimate merits framing about what specific data fields are required. Defendant is attempting to litigate the merits of Title III compliance (and the relevance of official post-certification data) inside a motion for leave.
12. Even if Defendant later files a Rule 12 motion challenging the legal sufficiency of the Title III theory, that is not a basis to deny leave unless the Court can already conclude the

FAC is plainly foreclosed as a matter of law. Defendant's own presentation shows it is a contestable merits dispute, not a settled bar. Plaintiff on the other hand, has and is showing this Court, this is a *Logan v Zimmerman Brush Co.*, 455 U.S. 422 (1982), ruling in part:

"JUSTICE BLACKMUN delivered the opinion of the Court, concluding that appellant was deprived of a protected property interest in violation of the Due Process Clause of the Fourteenth Amendment. Pp. 455 U. S. 428-437.

(a) Appellant's right to use the FEPA's adjudicatory procedures is a species of property protected by the Due Process Clause. Cf. Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306. The hallmark of property is an individual entitlement grounded in state law, which cannot be removed except "for cause," and appellant's right shares this characteristic. The 120-day limitation is a procedural limitation on the claimant's ability to assert his rights, not a substantive element of the FEPA claim. Pp. 455 U. S. 428-433."

**IV. Defendant fails to meet its burden to deny leave under Rule 15.**

13. Defendant's opposition repeatedly speaks in conclusions: amendment "would be futile," the FAC "does not cure the deficiencies," and "could be dismissed" under Rules 12(b)(1) and 12(b)(6). Doc. 28 at 2. But Defendant does not show a clear jurisdictional defect or a clear legal prohibition that makes amendment pointless.
14. On this record, justice requires permitting the FAC to be filed so the Court can address any Rule 12 issues on a fully operative pleading. Defendant has not shown undue delay, prejudice, bad faith, or clear futility. The Motion should be granted.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File the First Amended Verified Complaint.

Respectfully submitted, Dated: March 2, 2026

/s/ *Constance Kramer*
**Constance Kramer**
Plaintiff, Pro Se
572 Stratford Avenue
St. Louis, Missouri 63130
(314) 359-5828
Connie.Kramer@pm.me

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, a copy of the foregoing document was electronically filed with the Court via its CM/ECF electronic filing system and thus sent to the defendant.

/s/ *Constance Kramer*
Constance Kramer
Plaintiff, Pro Se