IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **CONSTANCE KRAMER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:25-cv-04257-MDH |
| ) | |
| **DENNY HOSKINS,** *in his official capacity* ) | |
| *as Secretary of State of Missouri*, ) | |
| ) | |
| **Defendant.** ) | |

## **ORDER**

Before the Court is Plaintiff's Motion for a Temporary Restraining Order, Motion for Preliminary Injunction. (Doc. 2). The Court held a motion hearing on February 4, 2026, in which Plaintiff and counsel for Defendant Denny Hoskins were present. The motion is now ripe for adjudication on the merits. For reasons discussed herein, Plaintiff's request for relief is **GRANTED**.

This *pro se* Plaintiff requests relief in the form of a TRO or preliminary injunction. (Doc. 2). Reviewing Plaintiff's Complaint and requested relief liberally, the Court finds that a preliminary injunction, not TRO, is the most appropriate relief in this case.

A TRO which has no expiration date on its face, and which exceeds the limit as imposed by Federal Rule of Civil Procedure 65(b) is treated as a preliminary injunction in the Eighth Circuit. *See Nike, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 4:25-CV-01598-MTS, 2025 WL 3554185, at *1 (E.D. Mo. Dec. 11, 2025) ("Extending a TRO for a longer length of time effectively renders the Order an appealable preliminary injunction."); *Sampson v. Murry*, 415 U.S. 61, 86 (1974) ("[A] [TRO] continued beyond the time permissible

1

under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions."); *Nordin v. Nutri/Sys.*, Inc., 897 F.2d 339, 343 (8th Cir. 1990) ("The April 18 temporary restraining order-which has no expiration date on its face and which exceeded the ten-day limit of Fed.R.Civ.P. 65(b) as of the date of the notice of appeal-must be treated as a preliminary injunction and therefore is appealable."). Therefore, the Court grants Plaintiff's request for relief in the form of a preliminary injunction as outlined below.

## BACKGROUND

This case arises out of the Help America Vote Act ("HAVA") Section 402 codified at 52 U.S.C. §21112. The State of Missouri accepts substantial federal HAVA funds in Election Security Grants conditioned on establishing and maintaining compliance with HAVA. HAVA §402 requires states to establish and maintain state-based administrative complaint procedures which meet certain requirements. The relevant requirements for the procedure are as follows:

> (A) The procedures shall be uniform and nondiscriminatory.
> (B) Under the procedures, any person who believes that there is a violation of any provision of title III (including a violation which has occurred, <u>is occurring, or is about to occur</u>) may file a complaint.
> (C) Any complaint filed under the procedures shall be in writing and notarized, and signed and sworn by the person filing the complaint.
> (E) At the request of the complainant, there <u>shall be a hearing</u> on the record.
> (F) If, under the procedures, the State determines that there is a violation of any provision of title III, the State shall provide the appropriate remedy.
> (G) If, under the procedures, the State determines that there is no violation, the State shall dismiss the complaint and publish the results of the procedures.
> (H) The <u>State shall make a final determination with respect to a complaint prior to the expiration of the 90-day period</u> which begins on the date the complaint is filed, unless the complainant consents to a longer period for making such a determination.

52 U.S.C. §21112(a)(2) (emphasis added).

To comply with HAVA, Missouri implemented 15 CSR 30-12.010. This rule sets out the process for filing an administrative complaint to address alleged violations of HAVA in Missouri elections. The rule states that:

2

> (2) Any complaint filed under this rule must be written, signed, and sworn to before a notary public commissioned by the state of Missouri.
> (3) Any complaint filed under this rule must be filed <u>within thirty (30) days</u> of the certification of the election in which the violation is alleged to have occurred.
> (4) The complaint filed under section (1) of this rule shall state the following:
>> (A) The <u>name and mailing address</u> of the person or persons alleged to have committed the violation of Title III of HAVA described in the complaint;
>> (B) A description of the act or acts that the person filing the complaint believes is a violation of a provision of Title III of HAVA; and
>> (C) The nature of the injury suffered (or is about to be suffered) by the person filing the complaint.

15 CSR 30-12.010 (2)-(4) (emphasis added).

This matter is before the Court because Plaintiff filed an administrative complaint with the Missouri Secretary of State's Elections Division on October 15, 2025. On the Elections Complaint Form, Plaintiff stated that her complaint "pertains to the Election held on 11/8/2024, 11/5/2022 and forthcoming federal elections in 2026." (Doc. 1-2 at 1). She explains her concerns from the election results include current, ongoing, and future election issues.

In her attached "Complaint Under HAVA § 402 (52 U.S.C. § 21112)," Plaintiff described the nature of her complaint: "Single Issue 2 Title III Complaint: Failure to Maintain a Single, Uniform, Official, Centralized Statewide Voter Registration List (HAVA § 303(a)(1)(A)–(B); 52 U.S.C. § 21083(a)(1)(A)–(B))." *Id*. at 3. Plaintiff named "Missouri Secretary of State - Elections Division" at 600 W. Main Street, Jefferson City, MO 65101 as "Respondent." *Id*. Plaintiff alleged that "discrepancies" among various voter-turnout reports violated Plaintiff's "statutory right to have [her] registration maintained in a single, uniform, official, centralized, statewide list that serves as the official list for conducting federal elections." *Id.*

On October 20, 2025, Plaintiff's administrative complaint was dismissed. The denial stated that Plaintiff failed to file her complaint within 30 days of the certification in which the alleged violation occurred, and she failed to provide the name and address of the person alleged to have committed the violation as required by 15 CSR 30-12.010(3)-(4). Plaintiff then filed this action for

3

declaratory and injunctive relief, and motions for a Temporary Restraining Order and Preliminary Injunction (Doc. 1; Doc. 2).

At the motion hearing, Plaintiff clarified that her administrative complaint with the Secretary of State sought to investigate discrepancies in voter-turnout reports as they would affect future elections. Plaintiff requests that the Court grant temporary injunctive relief compelling the Secretary to accept Plaintiff's HAVA § 402 complaint, to preserve relevant records, and to provide the hearing and determination Congress required. At the hearing the Government argued there is nothing in HAVA §402 that bars a state setting a time limit on the complaint and that the 30-day requirement works with certain types of HAVA violations and the violation Plaintiff brings is not a typical violation. In subsequent briefing, the Government clarified its position stating that the violation Plaintiff alleges is not a Title III violation and thus not covered by HAVA §402. For the reasons herein, Plaintiff's Motion is **GRANTED**.

## STANDARD

Courts in the Eighth Circuit consider four factors when deciding whether to grant a preliminary injunction: (1) the movant's probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance of movant's harm and the injury an injunction could inflict on other parties; and (4) the public interest. *Heartland Academy Community Church v. Waddle*, 335 F.3d 684 (8th Cir. 2003) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981)); *see also Associated Producers Co. v. City of Independence, Mo.*, 648 F. Supp. 1255 (W.D. Mo. 1986). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008) (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311, 102 S. Ct. 1798, 1803,

72 L. Ed. 2d 91 (1982)).

## DISCUSSION

I. **Preliminary Injunction**

   A. **Success on the Merits**

When evaluating a movant's "likelihood of success on the merits," the court should "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987) (quoting *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)). At this preliminary state, the court need not decide whether the party seeking the temporary restraining order will ultimately prevail. *Kersten v. City of Mandan*, 389 F. Supp. 3d 640, 645 (D.N.D. 2019) (citing *PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1143 (8th Cir. 2007)). Although a temporary restraining order cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty percent likelihood that he will prevail on the merits.'" *Id*. (quoting *Dataphase*, 640 F.2d at 113).

The merits at issue in this matter are limited to whether Plaintiff is entitled to a hearing on the ongoing and future violations she alleges. The Court finds that she is entitled to a hearing.

Plaintiff's HAVA complaint to the Secretary of State alleged "violations of HAVA Title III as applied to the federal General Elections held in 2022, 2024, and forthcoming federal elections in 2026." HAVA §402 provides "any person who believes that there is a violation of any provision of Title III (including a violation which has occurred, <u>is occurring, or is about to occur</u>) may file a

complaint." Plaintiff's wording in her HAVA complaint explicitly requests a hearing on violations that would affect "forthcoming federal elections," thus she is entitled to such a hearing.

Defendant denied Plaintiff's complaint citing expiration of the 30-day post-certification filing deadline in 15 CSR 30-12.010(3). However, this provision does not allow for consideration of complaints for violations that "[are] about to occur" or are discovered after the 30-day deadline. The 30-day requirement cannot be used to deny Plaintiff a hearing on her HAVA complaint to the extent it raises issues regarding ongoing concerns regarding future elections, a process provided for by federal law.

Plaintiff cites R.S.Mo 115.157, which provides that "[a]ll election authorities shall enter voter history in their computerized registration systems and shall, not more than three months **after** the election, forward such data to the Missouri voter registration system established in section 115.158." Plaintiff argues that even if her complaint had only been about the 2022 and 2024 elections, those claims could not be brought within the 30-day requirement because, under R.S.Mo 115.157, election authorities in Missouri have up to 3 months to forward data to the registration system. The Court agrees that the 30-day requirement therefore also prevents Plaintiff from a meaningful hearing on violations which may have occurred in a past election based on information which might be relevant from the data submitted by counties pursuant to the 90-day deadline.

As for the naming issue that Defendant raises, Plaintiff named "Missouri Secretary of State - Elections Division" as the "Respondent" to her HAVA Complaint followed by an address. Missouri requires HAVA Complaints to state the "name and address of the person or persons alleged to have committed the violation of Title III of HAVA described in the complaint . . ." 15 CSR 30-12.010(4)(A). The Court finds that Plaintiff's identification of the respondent on her

6

HAVA complaint was sufficient to satisfy 15 CSR 30-12.010(4)(A). She clearly stated a title held by a real person that could have easily been identified and she included an address.[1]

The Court finds that Plaintiff's complaint satisfied HAVA §402 and Plaintiff has shown a likelihood of success on the merits at issue. The merits of Plaintiff's HAVA complaint are not before this Court in this matter. Plaintiff only seeks relief in the form of a hearing provided to her on her HAVA complaint. The State may assess the merits at the hearing that is required pursuant to §402.

B. Irreparable Harm

"Irreparable harm" signifies harm for which "a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). To qualify, the harm must be "certain and great and of such imminence that there is a clear and present need for equitable relief." *Walls v. Sanders*, 733 F. Supp. 3d 721, 738 (E.D. Ark. 2024) (quoting *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013)).

Plaintiff alleges problems with voter registration and voter history. Without prompt investigation and remediation (if necessary), the same violations could continue through 2026 elections. Additionally, the harms related to voting violations cannot be compensated through any monetary value. The right to vote is sacred and the accuracy of voting tallies is essential to our democracy. Public confidence in the accuracy of the voter registration process and voting tallies must be maintained.

---

[1] It is noted that at the hearing the Assistant Attorney General answering for Defendant could name the position of the person subject to the complaint but could not identify the name of the person who held that title. Yet, the Defendant expects a lay complainant to do as much.

C.  **Balance of Interests and Public Interests**

It is clear to the Court that the balance of equities favors Plaintiff. Her requested relief is merely a hearing on her HAVA complaint. The public interest strongly favors ensuring Missouri is in compliance with federal election statutes and that voters have meaningful access to HAVA's enforcement mechanisms. These provisions exist to ensure that every eligible voter is treated fairly, that ballots are cast and counted according to law, and that the public can rely on the legitimacy of election results. Any deviation from these requirements risks undermining public trust in the electoral system and must be addressed promptly and decisively. For the reasons stated, the Court finds the balance of interests and public interest factors weigh in favor of granting the preliminary injunction.

## CONCLUSION

The Court, having considered all factors to determine whether on balance they weigh towards granting a preliminary injunction, finds entry of a preliminary injunction proper. The Court finds the 30-day requirement contained in 15 CSR 30-12.010(3) impermissibly obstructs Plaintiff's rights under federal law for her complaints about post-election violations due to the provision of R.S.Mo 115.157 and for her complaints concerning ongoing and future violations under HAVA. For the foregoing reasons, Plaintiff's *Pro Se* Motion for Preliminary Injunction is **GRANTED**.

Defendant Denny Hoskins is hereby **ORDERED** to provide Plaintiff with a hearing on her complaint under HAVA §402. The State shall make a final determination with respect to the issues raised in her complaint prior to the expiration of 90 days from the date of this Order, unless Plaintiff consents to a longer period.

Defendant may not enforce the 30-day requirement to deny this Plaintiff the federally provided right to a hearing on a HAVA complaint alleging past violations on which voter data accumulated under R.S. Mo. 115.157 may be relevant, or a complaint regarding ongoing or future elections.

Nothing in this Order shall be construed to address the merits of the complaint Plaintiff filed with Defendant. The Court simply rules that Plaintiff is entitled by federal law to a hearing.

Defendant shall preserve all relevant MCVR data, voter history records, snapshots, export files, audit logs, and related records for the 2022 and 2024 federal elections pending completion of Plaintiff's HAVA administrative proceeding or as otherwise required by law.

The Court has awarded Plaintiff the complete relief requested in her Complaint.[2] However, the Court will retain jurisdiction over this matter for 90 days to ensure compliance with the Order. Plaintiff may notify the Court if Defendant has not meaningfully complied with this Order.

**IT IS SO ORDERED.**

Date: March 5, 2026

                                                  */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[2] For the reasons stated herein, Defendant's Motion to Dismiss (Doc. 9) is overruled. Plaintiff's request to file an amended complaint (Doc. 24) is denied. Doc. 25 shall be stricken.