**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

**CONSTANCE KRAMER,**

**Plaintiff,**

**v.** **Case No. 2:25-cv-04257-MDH**

**DENNY HOSKINS,** ***in his official capacity as Secretary of State of Missouri*****,**

**Defendant.**

**PLAINTIFF'S LIMITED RESPONSE AND OBJECTION TO DEFENDANT'S STATUS REPORT AND RESERVATION OF RIGHTS**

Plaintiff Constance Kramer, appearing pro se, respectfully submits this limited response to Defendant's Status Report, Doc. 37.

Defendant's Status Report is premature and incomplete. The HAVA administrative proceeding has not concluded. Proposed findings are due May 15, 2026, and the final determination has not yet issued. Plaintiff does not seek to delay either deadline.

Nothing in this limited response waives or narrows any objection, argument, requested relief, exhibit objection, procedural objection, enforcement request, or request for sanctions or costs previously raised or later supported by the record.

Plaintiff does not dispute that a hearing occurred on April 24, 2026, that witnesses appeared, or that a court reporter transcribed the proceeding. Those facts do not establish meaningful compliance with this Court's production and preservation orders. The central issue remains whether Defendant produced the records necessary to make the hearing meaningful and reviewable under Docs. 30 and 34.

Defendant’s own filings and attachments confirm that material record chain categories remain disputed, including audit logs, voter record comments, county upload/feed/import records, reconciliation worksheets, and complete 2024 county certified result packets in usable form before witness examination. Defendant’s May 1 response also stated that the State is “not aware of any reconciliation worksheets” and that audit records exist in individual voter records, but the State has “no reasonable way of extracting” them.

That claimed limitation does not cure nonproduction; it confirms why a category-by-category accounting and technical explanation are necessary, especially where the State relied on audit log explanations during the hearing. Defendant further agreed that late produced records should not be relied upon unless Plaintiff has a fair opportunity to review them and examine the proper witness about them.

Plaintiff therefore objects to any implication in Doc. 37 that the mere occurrence of a hearing establishes compliance with Docs. 30 and 34. Plaintiff also objects to any reliance in the final HAVA determination on late produced records, undisclosed records, audit log explanations, voter record comments, county source materials, or post hearing explanations that were not meaningfully available for examination at the April 24 hearing.

Plaintiff is filing proposed findings by the deadline set in the administrative proceeding. Plaintiff reserves all rights to seek enforcement of Docs. 30 and 34, including a category-by-category production accounting, record preservation, supplemental review, costs, sanctions, or other appropriate relief, if Defendant relies on unproduced or late produced materials, fails to address the missing record categories, or issues a final determination based on explanations Plaintiff could not test.

This limited response is not a request for the Court to decide the merits of the HAVA complaint before the final determination. It is submitted only to preserve Plaintiff's objection that Doc. 37 is not proof of meaningful compliance and should not be treated as such.

Dated: May 14, 2026

Respectfully submitted,

/s/ Constance Kramer
Constance Kramer
Plaintiff, Pro Se
(314) 359-5828
connie.kramer@pm.me

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Constance Kramer
Constance Kramer