**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| CONSTANCE KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:25-cv-04257-MDH |
| v. | ) | |
| | ) | |
| DENNY HOSKINS, in his official capacity as Missouri Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO ENFORCE DOCS. 30, 34, AND 36 FOLLOWING THE JUNE 1, 2026 HAVA DETERMINATION AND JUNE 3, 2026 POST DETERMINATION PRODUCTION**

Plaintiff Constance Kramer, appearing pro se, respectfully moves this Court to enforce Docs. 30, 34, and 36, and states as follows:

This enforcement motion arises from Plaintiff's administrative complaint under the Help America Vote Act of 2002 ("HAVA"), including HAVA § 303, 52 U.S.C. § 21083, governing the statewide computerized voter registration list, and HAVA § 402, 52 U.S.C. § 21112, governing State-based administrative complaint procedures.

This motion is not an election contest. Plaintiff does not ask this Court to decide vote choice, overturn an election, or adjudicate every voter record example on the present papers. Plaintiff asks this Court to enforce its own Orders because Defendant completed the outward form of a HAVA process while failing to produce, account for, test, and determine the record chain the Court's Orders made material.

The grounds for this motion are set out in Plaintiff's accompanying Suggestions in Support and supporting exhibits. In summary:

> Doc. 30 ordered a meaningful HAVA process, preserved relevant MCVR data, voter history records, snapshots, export files, audit logs, and related records, and retained jurisdiction for meaningful compliance. Doc. 30 at 8–9.
>
> Doc. 34 required live witnesses and pre-hearing production of relevant records so Plaintiff could test the material record categories through witness examination. Doc. 34 at 2–3.

Doc. 36 clarified only that Defendant was not required to produce audit logs for every individual voter; it did not erase the remaining record categories. Doc. 36 at 1.

The June 1, 2026 Determination answered the database existence question, not the record chain question raised in the complaint and made material by the Court's Orders. Exs. 1, 4.

The June 3, 2026 post Determination production of additional 2024 election return records confirms prejudice because those records could not be tested at the April 24 hearing or addressed before dismissal. Exs. 9, 11, 17.

Plaintiff respectfully requests that the Court enter an order granting the following relief:

1. Set a prompt status conference to establish an enforcement schedule for the sworn accounting, technical declaration, protected production or review, continued preservation, and follow-up proceedings. If the Court requires an in-person appearance, Plaintiff respectfully requests that the conference be set before June 20, 2026, or after June 26, 2026. Plaintiff is available to appear remotely by video or telephone during that time, if the Court permits.

2. Set a prompt status conference at the Court's earliest convenience, preferably before June 20, 2026, if practicable, or after June 26, 2026, because Plaintiff will be unavailable from June 22 through June 26, to establish an enforcement schedule for the sworn accounting, technical declaration, protected production or review, continued preservation, and follow-up proceedings.

3. Find that Defendant has not demonstrated meaningful compliance with Docs. 30, 34, and 36 merely by holding a hearing and issuing the June 1, 2026 Determination.

4. Declare that the June 1, 2026 Determination does not constitute completion of the Court ordered HAVA process or alternatively vacate or set it aside for enforcement purposes, unless and until Defendant provides the sworn accounting and record chain production ordered by this Court.

5. Require Defendant to file a sworn category by category compliance statement addressing each record category ordered or made material by Docs. 30, 34, and 36, including whether each category exists, was preserved, was produced before the hearing, was produced after the hearing or after the Determination, remains unproduced, is claimed not to exist, is claimed to be non-extractable, is claimed to be nonpublic or protected, or was withheld and on what basis, and whether each category was reviewed before the June 1, 2026 Determination.

6. Require a sworn technical declaration from the person or persons with direct day to day knowledge of MCVR architecture, exports, snapshots, voter history uploads, audit logs, voter record comments, merge and unmerge history, source tables, county upload and import paths, certification workflow records, EAVS source data, and extraction capabilities.

7. Require production or protected review of missing, late produced, nonpublic, sensitive, or voter identifying records, including records necessary to test the State's selected VID 1073103 rebuttal explanation and any other State explanation relying on unproduced audit logs, voter record comments, merge records, or source records, through redaction, protective order, sealed filing, remote controlled review, limited field extraction, court directed sampling, neutral technical inspection, or another practical procedure the Court deems appropriate; Plaintiff does not seek to disclose vote choice.

8. Order that Defendant may not rely on late produced, post hearing, post Determination, undisclosed, or newly identified records unless Plaintiff has a fair opportunity to review those records, submit supplemental findings, and examine the proper witness, custodian, or technical declarant.

9. Continue preservation of all relevant 2022, 2024, and 2026 federal election records, including MCVR data, voter history records, snapshots, export files, audit logs, voter record comments, source files, county upload and import records, EAVS source materials, certification support records, and related records sufficient to reconstruct the record chain.

10. After reviewing the sworn accounting, and after notice and an opportunity to be heard, order Defendant to show cause why sanctions, costs, evidentiary preclusion, adverse factual findings, preclusion from using late produced or undisclosed records, contempt related relief, or other enforcement relief should not issue if the sworn accounting shows failure to preserve, produce, account for, or accurately identify records covered by Docs. 30, 34, and 36, or reliance on records or explanations not disclosed in time for Plaintiff to test them at the April 24 hearing.

11. Transmit the enforcement order and relevant record materials to the United States Department of Justice Civil Rights Division, Voting Section, or another federal authority selected by the Court, only if the Court deems that appropriate after reviewing the sworn accounting and record materials.

12. Grant such other and further relief as the Court deems just and proper.

Plaintiff relies on the accompanying Suggestions in Support, the filed docket materials cited therein, and Exhibits 1 through 17.

Respectfully submitted,

/s/ Constance Kramer
Constance Kramer
Plaintiff, Pro Se
572 Stratford Avenue
St. Louis, Missouri 63130
(314) 359-5828
Connie.Kramer@pm.me
Date: June 15, 2026

## CERTIFICATE OF SERVICE

I certify that on June 15, 2026, I filed the foregoing with the Clerk of Court using the Court's electronic filing system, which will cause electronic service upon all counsel of record.

/s/ Constance Kramer
Constance Kramer