# Exhibit 12

## Revised SOS Communication Timeline through May 13, 2026

**Case:**
Constance Kramer v. Denny Hoskins, Case No. 2:25-cv-04257-MDH

**Source or prior administrative label:**
Administrative Exhibit 2.10, Plaintiff's revised communication timeline through May 13, 2026.

**Purpose and relevance:**
A roadmap of Plaintiff's record requests and communications with the Secretary of State's Office from 2023 through 2026 — before, during, and after the April 24, 2026 hearing — including records requests, production and ShareFile access issues, objections, and post hearing record matters. Offered to show the State's extensive, repeated notice and Plaintiff's continuing, documented requests for the record chain, and to corroborate the State's own position that it captures MCVR snapshots only monthly and did not capture an election day or certification timing record.

**Use note:**
Offered as a roadmap and organizational aid; it does not replace the underlying emails, letters, productions, or transcript excerpts.

*The following page or pages contain the referenced document or document group.*

# Timeline of Communications with Missouri Secretary of State's Office

*Revised Post-May 1 Supplemental Version | Updated through May 13, 2026*

**Post-May 1 Supplemental Update.** This revised Exhibit 2.10 supplements the communication timeline submitted with the May 1, 2026 exhibit index. The added entries document post-hearing communications, State responses, ShareFile access issues, late or supplemental productions, transcript communications, proposed-findings communications, outstanding-record disputes, and source-record issues through May 13, 2026. This exhibit remains a roadmap and does not replace the underlying emails, letters, ShareFile productions, screenshots, or court filings.

## 2023

| Date | Communication / Event |
|---|---|
| **2023 (multiple)** | Conversations with Secretary Ashcroft at the Capitol regarding election concerns. |

## 2024

| Date | Communication / Event |
|---|---|
| **March 2024 (multiple)** | Requests to the Secretary of State for MCVR files near key dates, quarterly audits, and lists of deceased, moved, or purged voters; SOS responded that MCVR files are created monthly and that certain purge/deceased records were held by local election authorities rather than SOS. |
| **March 26** | Meeting with Secretary Jay Ashcroft regarding election concerns and the need for records showing who voted and how certification could be reconciled. |
| **April 8** | Complaint materials, 2022 scorecard, and query/thumb-drive materials provided to Ashcroft. |
| **May 14** | Complaint and 2022 scorecard sent to Ashcroft / SOS and also escalated to Bailey, DOJ, DHS, FBI, and MHP. |
| **May 23** | Certified-mail receipts documenting transmission of the May 14 notice letters. |
| **June 2024** | Request to SOS for election complaints filed from November 3, 2020 through June 2024, with related correspondence. |
| **August 26** | Sunshine request for post-certification / election-time MCVR snapshot records. |
| **September 4** | Conversation with Scott Clark in SOS records; SOS position was that it did not capture a 7:00 p.m. election-day MCVR record and certified votes reported by local election authorities. |
| **September 5** | SOS response that it did not possess an MCVR record for August 6 primary night or August 26 certification timing and captured snapshots only monthly. |
| **September 23** | Jay Atkins / Harry Haury phone call. |
| **October 15** | Jay Atkins phone call. |

## 2025

| Date | Communication / Event |
|---|---|
| **February 25** | Meeting with Jay Atkins, Missouri AG's Office. |
| **February 25** | Dropped off packet at Secretary Hoskins's office and spoke with staff. |
| **March 10** | Meeting with Hoskins, Harry Haury, Dan Hume, and Matt Alsager. |
| **March 13** | Follow-up letter/email confirming the March 10 meeting, requesting a follow-up meeting, and transmitting the Vote Washing Report. |
| **August 8** | Follow-up email seeking another meeting with Secretary Hoskins. |
| **September 5** | KnowInk / poll-book related request to SOS as part of continued efforts to identify systems and records relevant to certification. |
| **October 15** | Filed HAVA complaint with Missouri Secretary of State. |
| **October 20** | SOS dismissal of HAVA complaint. |
| **October 30** | Sunshine request to SOS for county abstracts / county data tied to the 2024 general election. |
| **November 4** | SOS response to county-abstracts request stating records were not scanned / only available through burdensome production or inspection, with large estimated cost. |
| **November 6** | Filed federal complaint and TRO/PI (Docs. 1-2) seeking a meaningful HAVA hearing and preservation of records. |

## 2026

| Date | Communication / Event |
|---|---|
| **February 4** | Federal TRO/PI hearing. |
| **March 5** | Judge Harpool's order (Doc. 30) requiring a HAVA hearing, retaining jurisdiction, and directing preservation of relevant records. |
| **March 12** | Request for inspection / production of preserved records pursuant to the federal court's order. |
| **March 12** | Preliminary witness list for HAVA § 402 hearing. |

| Date | Communication / Event |
|---|---|
| **March 19** | Request for hearing scheduling information and notice. |
| **March 19** | HAVA Title III hearing notification received from SOS. |
| **March 23** | Clarification requested regarding HAVA hearing procedures. |
| **March 23** | Clarification requested regarding records deficiency / preserved-record production. |
| **March 30** | Requests sent for Hoskins, La Strada, Peters, and other State personnel to appear as witnesses. |
| **March 30** | Follow-up email/letter noting no written response yet to procedure and records letters. |
| **March 31** | Ms. Bryant responded to request for clarification and asserted a written-testimony / limited-process framework, including Elections Division issuance of the final report. |
| **March 31** | Procedural-objections response sent to Ms. Bryant concerning written testimony, record disclosure, and hearing fairness. |
| **April 5** | Formal objections letter sent to Ms. Bryant raising meaningful-hearing defects, objections to undisclosed written testimony, missing preserved records, and request for at least five hours. |
| **April 6** | Email exchange with Ms. Bryant; Bryant indicated the State still sought the option to use written testimony and was checking witness availability; Kramer reply stated the numbered requests remained unanswered and warned Kramer would notify the federal court if there was no complete response by April 8. |
| **April 9** | Ms. Bryant advised that Peters and La Strada would testify live on behalf of the Secretary of State's office, while the State still reserved the right to submit written testimony. |
| **April 9** | Emergency motion filed in federal court (Doc. 31) regarding meaningful compliance with the March 5 order and the structure of the HAVA hearing. |
| **April 9** | Merideth Johnson emailed a ShareFile link titled "Documents Requested"; the email body referenced only the link, while the formal Bryant "Response to Records Deficiency" letter was attached/embedded and later appeared as Exhibit B to Doc. 35-1. |
| **April 9** | Bryant's "Response to Records Deficiency" letter labeled "Document Requested" asserted that the court's order required preservation rather than production, stated that relevant MCVR data and audit logs existed in the live MCVR system, and claimed undisclosed categories were either nonpublic, unduly burdensome to extract, or insufficiently described. |
| **April 10** | Federal court notice setting April 14 telephone conference on the emergency motion. |
| **April 10** | Bryant acknowledged receipt of Kramer's federal filing email and stated she had forwarded it to the Assistant Attorney General handling the litigation. |
| **April 14** | Federal conference before Judge Harpool regarding hearing process, disclosure, and record production. |
| **April 14** | Federal order (Doc. 34) requiring Peters and La Strada to be present, allowing questioning of live witnesses, and requiring advance disclosure / production before the April 24 hearing. |
| **April 21** | Merideth Johnson sent a logistics email for the April 24 hearing and attached both a Capitol map and Chrissy Peters's written testimony. |
| **April 21** | Bryant confirmed that Chrissy Peters would appear in person and be available to answer questions relevant to the HAVA issue. |
| **April 21** | Johnson sent a separate email attaching the 2024 Quarterly Reports. |
| **April 21** | Bryant identified the State's expected live witnesses and topics: Chrissy Peters, Nick La Strada, and Eric Fey, each addressing MCVR use and list-maintenance issues from different perspectives. |
| **April 21** | After Kramer's request for disclosure, Bryant stated there would be no written testimony for Eric Fey or Nick La Strada and that the State would rely only on materials already provided through ShareFile and the spreadsheet sent that morning. |
| **April 21** | Preliminary exhibit list for the April 24 HAVA hearing emailed to Bryant and Johnson. |
| **April 21** | Defendant filed Motion to Amend Court's Order (Doc. 35), seeking clarification that Defendant need not produce audit logs for every individual voter; Bryant's affidavit described the April 9 ShareFile production and the April 21 quarterly-report email as the State's production history. |
| **April 22** | Plaintiff's preliminary suggestions in opposition to Doc. 35 were prepared but not submitted, arguing Plaintiff had not requested individualized voter screenshots and that any clarification should remain narrow and preserve access to targeted audit/change-history materials. |
| **April 22** | Court entered Order (Doc. 36) clarifying that Defendant was not required to produce audit logs for every individual voter. |
| **April 22** | Kramer emailed Bryant and McCreight seeking confirmation that all remaining obligations under Doc. 34 remained in effect notwithstanding Doc. 36. |
| **April 22** | Bryant responded that the State planned to have the witnesses present, had sent Peters's written testimony three days in advance, and believed it had produced all other responsive documents except audit logs for every registered voter in Missouri. |
| **April 22** | Kramer replied objecting that Defendant had not produced all remaining responsive documents; clarified that PSR list outputs did not satisfy Kramer's requests for underlying MCVR data and related records; identified remaining categories still sought under Docs. 30, 34, and 36; and stated Kramer would raise unresolved deficiencies at the hearing. |

| Date | Communication / Event |
|---|---|
| **April 24** | Missouri HAVA administrative hearing held. |
| **April 27** | Kramer sent formal post-hearing record-objection letter requesting that the administrative record remain open, preserving objections to incomplete production and late records, and requesting limited supplemental proceedings if the State relies on late-produced records or untested explanations. |
| **April 28** | Bryant responded that she had not yet reviewed the April 27 letter in detail but would consent to extending the proposed-findings deadline until after the official transcript was available, subject to the presiding officer. |
| **April 28** | Kirkpatrick agreed the deadline should be extended to allow all parties to receive the official transcript and have time to prepare proposed findings, with a date to be set after the transcript was available. |
| **April 28** | FedEx proof of delivery shows the hard-copy post-hearing letter shipment delivered to the Secretary of State's Jefferson City office / shipping-receiving at 10:12 a.m., signed for by G. Northweather. |
| **May 1** | Bryant issued the State's response to Kramer's post-hearing letter, asserting MCVR is a live system; stating certified election result totals are not supposed to reconcile with PSRs; stating county certified-result packets exist in Archives; stating the State is not aware of reconciliation worksheets; and agreeing late-produced records would not be relied upon unless Kramer had a fair opportunity to review and examine the proper witness. |
| **May 1** | Johnson emailed Bryant's post-hearing letter and a ShareFile link. The email identified the linked documents as November 2022 County Results Packets and November 2024 Surveys / Paper Copies, and stated that 2022 General Election County Surveys and 2024 County Results Packets had not yet been digitized. |
| **May 1** | Kramer replied that Bryant's letter came through but the ShareFile link with documents was not accessible, and requested an accessible link. |
| **May 1** | Kramer emailed the current Exhibit List Index and PDF exhibit packets organized by tier, stated that some exhibits were electronic source files not fully represented by PDFs, and reserved the right to supplement after the official transcript, late-produced records, State response, and remaining electronic files. |
| **May 4** | Johnson sent a replacement ShareFile link in the morning; Kramer responded that it appeared to open a ShareFile upload/request page rather than a download page and preserved that the late-produced records were still not meaningfully available. |
| **May 4** | Johnson sent additional replacement links, stated she had contacted IT and was not sure why prior links were not working, and later sent a fourth link with a 30-day expiration starting from May 4. Kramer confirmed the fourth link appeared to be working. |
| **May 5** | Johnson emailed a new ShareFile link for the November 2022 County Result packets, stating Archives uploaded them ahead of schedule, that the firewall issues appeared resolved, and that the link was available for 30 days. |
| **May 12** | Johnson emailed the April 24 HAVA hearing transcript as an attachment. |
| **May 12** | Kramer acknowledged receipt of the transcript, requested confirmation that it was the official, complete, unredacted, unaltered transcript of the full on-the-record hearing, requested a date certain for proposed findings, stated the request was not consent to extend the 90-day final-determination deadline, and reserved the right to supplement after transcript review, late records, corrected ShareFile access, and any State submission. |
| **May 12** | Kirkpatrick emailed that all parties had acknowledged receipt of the transcript and set proposed findings / arguments due before 5:00 p.m. on Friday, May 22, 2026; he stated the Elections Division must issue the written final determination by June 3, 2026 under 15 CSR 30-12.010 and the March 5 order. |
| **May 13** | Kramer sent final conferral regarding outstanding HAVA record production, identifying categories still unproduced, late-produced, inaccessible, or not provided in usable form, including county certified-result packets, EAVS/statistical-breakout source records and keys, county upload/feed/import records, targeted MCVR audit/change logs, voter-record comments, certification workflow records, and records supporting the State's hearing explanations. |
| **May 13** | Bryant replied that she would meet with the Elections Division that afternoon to confirm the State had sent everything it was capable of providing and would make a list of what had been sent, but likely would not meet the 2:00 p.m. deadline. |
| **May 13** | Johnson emailed "Source Records," stating the State believed two attached files might be responsive to requests for "source records"; she described them as the 2022 and 2024 NVRA statistical breakout of list maintenance, already reflected in the final EAVS Final Data MO, and said they "may serve as a source record." |

*Note: This timeline is offered as an organizational roadmap. The underlying communications, records, court orders, and productions control.*